## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

CASE NO.:

LAURA CUEVAS,

     Plaintiff,

-vs-

CONVERGENT OUTSOURCING, INC.,

     Defendant.

_____/

## COMPLAINT
## JURY DEMAND

Plaintiff, Laura Cuevas (hereinafter "Plaintiff"), brings this action seeking redress for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") and its analogous state law, the Florida Consumer Collection Practices Act, Florida Statute § 559.72, *et seq.* (the "FCCPA") against Defendant, Convergent Outsourcing, Inc. (hereinafter "Defendant").

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over Plaintiff's FDCPA claims pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 2201. This Court has jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

2.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), as the acts and/or omissions complained of occurred here, Plaintiff resides in this

venue, and Defendant does business within this venue.

## PARTIES

3.     At all times relevant, Plaintiff is and was a natural person and a resident of Collier County, Florida.

4.     At all times relevant, Plaintiff is and was a "consumer" as defined by the FDCPA and FCCPA.

5.     At all times relevant, Defendant is a foreign corporation and maintains an address at 800 S.W. 39th Street, Ste. 100, Renton, WA 98057.

6.     Defendant's registered agent for service of process in the State of Florida is CT Corporation System, 1200 S. Pine Island Rd., Plantation, FL 33324.

7.     At all times relevant, Defendant is and was a company that uses instrumentalities of interstate commerce and the mail in a business the principal purpose of which is the collection of debts.

8.     At all times relevant, Defendant is and was registered as a Consumer Collection Agency with the Florida Office of Financial Regulation.

9.     At all times relevant, Defendant is and was a "debt collector" as defined by the FDCPA and FCCPA.

## FACTUAL ALLEGATIONS

10.     At all times relevant, Defendant attempted to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes.

11.     On or about July 8, 2020 Defendant sent Plaintiff a collection letter (hereinafter the "July Letter") regarding monies purportedly owed to an internet provider, Centurylink. (See **Exhibit 'A'**).

12.     The July Letter stated that Plaintiff owes $103.80 (hereinafter the "Debt") to Centurylink, but offers to settle the Debt for $51.90 if the monies are received by Defendant by an agreed upon date. See *Id.*

13.     The July Letter further stated: "THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR." See *Id.*

14.     The July Letter is a "communication" as defined by the FDCPA and the FCCPA, because it conveys information regarding a debt directly to Plaintiff.

15.     Plaintiff was understandably shocked upon receiving the July Letter, as she had never received services from Centurylink, nor had Centurylink ever installed equipment at her home.

16.     After receiving the July Letter, Plaintiff also experienced anxiety and panic because she feared debt collection activity would continue and that her consumer credit reports would be adversely affected if the Debt was not paid.

17.     Prior to receiving the July Letter, another debt collector, Central Credit Services, LLC, had attempted to collect monies for the Debt from Plaintiff. (See **Exhibit 'B'**).

18.     In response to Central Credit Services, LLC's previous debt collection attempts, Plaintiff paid for, wrote, and sent a certified letter disputing the Debt. (See **Exhibit 'C'**).

19.     In the dispute letter sent to Central Credit Services, LLC disputing the Debt, Plaintiff explained that she did not owe any money to Centurylink, that Centurylink was never her internet provider, and that Centurylink never installed or activated equipment on her behalf. See *Id.*

20.     Plaintiff also spoke to a representative of Central Credit Services, LLC, who explained to her that the dispute letter was received and that she would have to wait for Centurylink to respond.

21.     Soon after receiving the July Letter, Plaintiff paid for, wrote, and sent a certified letter to Defendant disputing the Debt and explaining that she had never used Centurylink's services, nor had Centurylink ever installed equipment at her home. (See **Exhibit 'D'**).

22.     Defendant then sent Plaintiff a response letter dated September 15, 2020 (hereinafter the "September Letter"), which stated that Plaintiff had requested a fraud packet and also requested that Plaintiff produce a complete notarized affidavit, a copy of her driver's license, a police report, and a utility bill from the time of service. (See **Exhibit 'E'**).

23.     The September Letter stated that Plaintiff owes $103.80 to Centurylink, and further stated: "THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR."

24.     The September Letter is a "communication" as defined by the FDCPA and FCCPA, because it conveys information regarding a debt directly to Plaintiff.

25.     Plaintiff was understandably shocked upon receiving the September Letter, as she had never received services from Centurylink, nor had Centurylink ever installed equipment at her home, yet Defendant still maintained that Plaintiff owed monies to Centurylink.

26.     After receiving the September Letter, Plaintiff again experienced anxiety and panic because she feared the collection activity would continue and her consumer credit reports would be adversely affected if the Debt was not paid.

27.     As of the filing of the instant action, Defendant has not confirmed resolution of the matter in Plaintiff's favor, nor has Defendant produced documents that would verify the Debt.

28.     As a direct and proximate result of Defendant's acts and/or omissions, Plaintiff has experienced harm, including without limitation, financial loss in sending a certified letter to Defendant, time spent addressing Defendant's debt collection activity, emotional distress, mental distress, anxiety associated with the belief that debt collection activity would continue if the Debt were to go unpaid, and anxiety associated with the belief that her consumer credit reports would be adversely affected if the Debt were to go unpaid.

**COUNT I**
**(Violations of 15 U.S.C. § 1692e)**

29.     Plaintiff re-alleges and incorporates Paragraphs 1 through 28 as if fully set forth herein.

30.     Defendant engaged in false, deceptive, and misleading representations in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e, by sending the Plaintiff the July Letter and the September Letter, both of which falsely represented that Plaintiff owed monies to Centurylink.

31.     Defendant falsely represented the character, amount, or legal status of a debt, in violation of 15 U.S.C. § 1692e(2)(A), by sending Plaintiff the July Letter and the September Letter, both of which falsely represented the amount owed by

6

Plaintiff to Centurylink.

32.　　Defendant could have taken the steps necessary to bring its actions into compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

33.　　Plaintiff has suffered harm directly resulting from Defendant's violations of the FDCPA, including without limitation, financial loss in sending a certified letter to Defendant, time spent addressing Defendant's debt collection activity, emotional distress, mental distress, anxiety associated with the belief that debt collection activity would continue if the Debt were to go unpaid, and anxiety associated with the belief that her consumer credit reports would be adversely affected if the Debt were to go unpaid.

## COUNT II
### (Violations of 15 U.S.C. § 1692f)

34.　　Plaintiff re-alleges and incorporates paragraphs 1 through 28 as if fully set forth herein.

35.　　Defendant used unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f, by sending Plaintiff the July Letter and the September Letter, both of which sought an amount that was not incurred by Plaintiff.

36.　　Defendant attempted to collect an amount that was not expressly authorized by the agreement creating the debt or permitted by law, in violation of

15 U.S.C. § 1692f(1), by sending Plaintiff the July Letter and the September Letter, both of which sought an amount that was not incurred by Plaintiff.

37.    Defendant could have taken the steps necessary to bring its actions into compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

38.    Plaintiff has suffered harm resulting from Defendant's violations of the FDCPA, including without limitation, financial loss in sending a certified letter to Defendant, time spent addressing Defendant's debt collection activity, emotional distress, mental distress, anxiety associated with the belief that debt collection activity would continue if the Debt were to go unpaid, and anxiety associated with the belief that her consumer credit reports would be adversely affected if the Debt were to go unpaid.

## COUNT III
### (Violations of the FCCPA)

39.    Plaintiff re-alleges and incorporates Paragraphs 1 through 28 as if fully set forth herein.

40.    Defendant claimed, threatened, or attempted to enforce a debt that it knew was not legitimate or asserted the existence of a legal right when it knew that right did not exist, in violation of Fla. Stat. § 559.72(9), by sending Plaintiff a collection letter for an amount that was not incurred.

41.    Defendant could have taken the steps necessary to bring its actions

into compliance with the FCCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

42.     Plaintiff has suffered harm resulting from Defendant's violations of the FCCPA, including without limitation, financial loss in sending a certified letter to Defendant, time spent addressing Defendant's debt collection activity, emotional distress, mental distress, anxiety associated with the belief that debt collection activity would continue if the Debt were to go unpaid, and anxiety associated with the belief that her consumer credit reports would be adversely affected if the Debt were to go unpaid.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully demands judgment against Defendant as follows:

    a.  Awarding Plaintiff statutory damages for each and every violation of the FDCPA;

    b.  Awarding Plaintiff statutory damages for each and every violation of the FCCPA;

    c.  Awarding Plaintiff actual damages pursuant to the FDCPA and the FCCPA;

    d.  Awarding Plaintiff costs of this action, reasonable attorneys' fees and expenses;

e.  Awarding Plaintiff such other relief as may be deemed just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all issues so triable.

/s/ *Christopher Legg*
Christopher W. Legg, Esq.
FL Bar No.: 44460
CHRISTOPHER W. LEGG, P.A.
499 E. Palmetto Park Rd., Ste. 228
Boca Raton, Florida 33432
Chris@theconsumerlawyers.com
Office: (954) 962-2333

*Attorney for Plaintiff*

Exhibit 'A'

Convergent

Convergent Outsourcing, Inc.
800 SW 39th St., Suite #100/PO Box 9004
Renton, WA 98057
Mon-Thu 7AM-5:30PM, Fri & Sat 7AM-11AM MT
866-240-4840

Date: 07/08/2020
Creditor: Centurylink
Client Account #: 465163306
Convergent Account #: R-7582856
Reduced Balance Amount: $ 51.90

Amount Owed:      $ 103.80
Total Balance:    $ 103.80

Laura Cuevas
1989 Sagebrush Cir
Naples FL 34120-4567

---

Reduced Balance Opportunity

---

Dear Laura Cuevas:

If you have the ability, we can accept 50% of your total balance due to satisfy your account. The full amount of $ 51.90 must be received in our office by an agreed upon date. If you are interested in taking advantage of this opportunity, call our office within 14 days of this letter.

Even if you are unable to take advantage of this opportunity, please contact our office to see what terms can be worked out on your account. We are not obligated to renew this offer.

Sincerely,

Convergent Outsourcing, Inc.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

NOTICE: PLEASE SEE REVERSE SIDE AS IT MAY CONTAIN IMPORTANT CONSUMER INFORMATION.

Questions about Convergent visit http://convergenthelp.com/

3 CONVENIENT WAYS TO PAY:

Pay Online:  Pay your bill online with your credit/debit card or checking account at www.payconvergent.com

Pay by Phone:  We offer check by phone, Western Union, and credit/debit card. 866-240-4840

Pay by Mail:  Send payments to Convergent Outsourcing, Inc., PO Box 9004, Renton, WA 98057-9004



PLEASE DETACH THE BOTTOM PORTION WITH YOUR PAYMENT.  BEFORE MAILING, PLEASE ENSURE RETURN ADDRESS
APPEARS CORRECTLY THROUGH THE WINDOW OF THE REPLY ENVELOPE.

575117012
848ATERSCO01R50

Convergent Phone #: 866-240-4840
Date: 07/08/2020
Creditor: Centurylink
Client Account #: 465163306
Convergent Account #: R-7582856

Total Balance:    $ 103.80
Amount Enclosed: US _____

New Address:
Address: _____
City: _____ ST _____ Zip: _____
Daytime Phone: (____) ____-_____
Evening Phone: (____) ____-_____

Questions about Convergent visit http://convergenthelp.com/

Convergent Outsourcing, Inc.
PO Box 9004
Renton WA 98057-9004

03000758285600000103800000 5190

Exhibit 'B'

Central Credit Services
9550 Regency Square Blvd, Suite 500
Jacksonville, FL 32225
(866) 499-1855
MONDAY-THURSDAY 8AM-9PM, AND FRIDAY 8AM-5PM
SATURDAY 8AM-12PM
CENTRAL TIME

*Recall* — last call
11-9-18                    903

LAURA CUEVAS
1989 SAGEBRUSH CIR                   6/22          July 10, 2018
NAPLES FL 34120-4567                               Central Credit Services #: 18461990-03

542 x 3843 7754
2130

**Account(s) in our office:**

**Creditor:** CenturyLink
**Debt Description:**
PAST DUE BALANCE            **Account #:**        **Balance Due:**
                           465163306            $103.80

Your Account(s) has been sent to us for collection. Kindly remit your payment using the coupon below, or you may also make a payment online at www.makethispayment.com/CL.  The preceding information does not affect your rights set forth below:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,
Central Credit Services

Pay Online: www.makethispayment.com/CL

Or scan the QR code here:

Pay by Phone: (866) 499-1855

Pay by Mail:  Send payments to: Central Credit Services LLC P.O. Box 390916 Minneapolis, MN 55439-0916

This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained shall be used for that purpose.  Calls to or from this company may be monitored or recorded.

7-19-18→ letter sent back
          to dispute charges.
          (certified mail)

11-9-18 spoke w/
kimmy      said
received letter, She said
to wait to century link
to respond. call recorded

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
          Pay online at www.makethispayment.com/CL or detach here and return with payment

Date: July 10, 2018                      Central Credit Services LLC
Central Credit Services #: 18461990-03   9550 Regency Square Blvd, Suite 500
**Balance Due:** $103.80                 Jacksonville, FL 32225
                                         (866) 499-1855

Amount Enclosed: $_____

          OFFICE HOURS (CT): MONDAY-THURSDAY 8AM-9PM, FRIDAY 8AM-5PM, AND SATURDAY 8AM-12PM

☐ Check here if your address or phone numbers have changed    Make Payment To:
  Please update changes on reverse side.

  LAURA CUEVAS                             Central Credit Services LLC
  1989 SAGEBRUSH CIR                       P.O. Box 390916
  NAPLES FL 34120-4567                     Minneapolis, MN 55439-0916

Exhibit 'C'

es, FL 34120
8@yahoo.com

9550 Regency Square Blvd. Suite 500
Jacksonville, FL 32225

Dear Central Credit Services LLC,

I received your invoice requesting I pay a debt of $103.80 supposedly
owed to Century Link. The purpose of my letter is to inform you that I
do not owe this money. Century Link was never my internet provider
nor did they install/activate any equipment on my behalf. Please verify
and correct your records. I request to be notified in writing within 30
days regarding this matter.

If you need any more information please do not hesitate to contact me at
239-290-1400.

Sincerely,


Laura Cuevas


Balance Due: $103.80

9550 Regency Square Blvd, Suite 500
Jacksonville, FL 32225
(866) 499-1855

Amount Enclosed: $_____

OFFICE HOURS (CT): MONDAY-THURSDAY 8AM-9PM, FRIDAY 8AM-5PM, AND SATURDAY 8AM-12PM

Make Payment To:

☐ Check here if your address or phone numbers have changed.
Please update changes on reverse side.

LAURA CUEVAS
1989 SAGEBRUSH CIR
NAPLES FL  34120-4567

Central Credit Services LLC
P.O. Box 390916
Minneapolis, MN 55439-0916

Exhibit 'D'

Laura Cuevas
1989 Sagebrush Circle
Naples, Fl 34120
239-290-1400

August 27, 2020

Convergent Outsourcing, Inc.
P.O Box 9004
Renton, WA 98057-9004

Re: Client Account # 465163306
    Convergent Account # R-7582856

Dear Collection Specialists:

I am writing this letter in response to your recent letter regarding
the account numbers above. I am notifying you that I am
disputing this debt. I have never used CenturyLink services, nor
have they installed equipment in my home at any time. I did call
and send a dispute to the last collection agency and assumed it
was corrected as some time has passed since then.

I would like this issue resolved in a timely matter. Since I am
disputing it, I am also requesting that this is not reported to any
credit agencies at this time. Thank you for your attention to this
matter.

Sincerely,


Laura Cuevas

Exhibit 'E'

ATERSO01
PO Box 1280
Oaks, PA 19456-1280
CHANGE SERVICE REQUESTED

**Convergent**

Convergent Outsourcing, Inc.
800 SW 39th St., Suite #100/PO Box 9004
Renton, WA 98057
Mon-Thu 7AM-5:30PM, Fri & Sat 7AM-11AM MT
866-240-4840

Date:  09/15/2020
Creditor: Centurylink
Client Account #:  465163306
Convergent Account #. R-7582856

| Amount Owed: | $ 103.80 |
| Total Balance: | $ 103.80 |

Laura Cuevas
1989 Sagebrush Cir
Naples FL 34120-4567

Re: Centurylink

Attached is the fraud packet you requested.  Once the packet is complete and all the supporting documentation and police report is received please return to address below:

Convergent Outsourcing, Inc.
PO Box 9004
Renton  WA 98057-9004

Please include the following when returning the packet:

- Completed notarized affidavit
- Copy of driver's license
- Police report
- Utility bill from time of service

Sincerely,
Convergent Outsourcing, Inc. 866-240-4840

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

73ATERSO01R57 617308193

Questions about Convergent visit http://convergenthelp.com/